IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL SIEBERT, | ) | |
| | ) | |
| Petitioner, | ) | (WO) |
| | ) | |
| v. | ) | Civil Action No.  3:01cv1097-A |
| | ) | |
| DONAL CAMPBELL, | ) | |
| | ) | |
| Commissioner of the | ) | |
| Department of Corrections, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

I. Facts and Procedural History

This cause is before the court on the Petitioner's and Respondent's Objections to the Recommendation of the Magistrate Judge.

The facts of the case are more fully set out in the Magistrate Judge's Recommendation. By way of summary, the Petitioner was convicted of capital murder and sentenced to death for the murders of Sherri Weathers, and her sons Joseph and Chad Weathers. Petition at page 2. The Petitioner's conviction was affirmed on appeal. See Siebert v. State, 555 So.2d 772 (Ala. Crim. App. 1989), aff'd, Ex Parte Siebert, 555 So.2d 780 (Ala. 1989). The Alabama Court of Criminal Appeals issued a certificate of judgment on January 3, 1990. Vol. 8, Tab 12, C. 543. A petition for writ of certiorari was denied by the United States Supreme Court on June 28, 1990. Siebert v. Alabama, 497 U.S. 1032 (1990).

The Petitioner then filed a petition for relief from conviction and sentence of death pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on June 25, 1992 ("Rule 32"). A two year statute of limitations governed the filing of Rule 32 petitions at that time. The Rule

32 petition was filed within two years of the denial of certiorari by the United States Supreme Court, but was filed after two years had passed since the Alabama Court of Criminal Appeals issued a certificate of final judgment.

Following an evidentiary hearing, the Rule 32 court issued an opinion which discussed the merits of the Rule 32 petition, but also concluded that, based on the plain language of Rule 32, the Rule 32 petition was not submitted in the requisite time period.  Vol. 10, Tab 12, C. 878-81.  The Court of Criminal Appeals affirmed the ruling of the Rule 32 court.  Siebert v. State, 778 So.2d 842 (Ala. Crim. App. 1999).  The appellate court found that the Rule 32 petition was barred by the statute of limitations contained in Alabama Rule of Criminal Procedure 32.2(c).  Id.  It held that the statute of limitations begins running from the date the Alabama Court of Criminal Appeals issues the certificate of judgment.  Id.

The Petitioner filed the petition for writ of habeas corpus in this court on September 14, 2001.  This court granted a motion to dismiss on the basis of the one year statute of limitations for habeas petitions established in 28 U.S.C. §2244(d), part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and dismissed the petition.  Siebert v. Haley, 193 F. Supp. 2d 1260, 1272 (M.D. Ala. 2002).  The dismissal was reversed by the court of appeals.  Siebert v. Campbell, 334 F.3d 1018 (11th Cir. 2003) ("Siebert I").  The Eleventh Circuit held that because the jurisdictional nature of Alabama's Rule 32 statute of limitations was not firmly established and regularly followed at the time Siebert filed his late Rule 32 petition, the untimeliness of the petition did not mean that it was improperly filed for purposes of the AEDPA.  Id. at 1025, 1030.

Upon remand to this court, the parties filed briefs as to claims of procedural default or

2

other summary bases for dismissal. In addition on May 11, 2005, the Respondent filed a motion to dismiss (Doc. # 52) based upon the recent Supreme Court decision in Pace v. DiGuglielmo, __ U.S. __, 125 S.Ct. 1807 (2005).

The Magistrate Judge concluded that the petition is due to be dismissed because the claims are procedurally defaulted,[1] and that it was unnecessary to rule on the Motion to Dismiss. The Petitioner has objected to the Recommendation, stating that the claims are not procedurally defaulted, and the Respondent has objected, stating that the Motion to Dismiss should have been granted.

## II. Legal Standard

This court must conduct de novo review of timely objections to a magistrate judge's recommendation. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); see also 28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## III. Discussion

The Supreme Court has held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless a petitioner makes a showing of cause for the failure and prejudice resulting from the failure. Wainwright

---

[1] The Respondent has argued that all but one of the claims are procedurally defaulted for having been untimely filed in the Rule 32 petition and that one claim is procedurally defaulted for not having been raised in the Rule 32 petition. The Magistrate Judge agreed, but pointed out that had the claim been included in the Rule 32 petition, it would have been defaulted as were all of the other claims in the petition. No objection has been raised as to that conclusion.

v. Sykes, 433 U.S. 72, 86-7 (1977). The state procedural rule must be "firmly established and regularly followed," to be used as a basis for procedural default. Ford v. Georgia, 498 U.S. 411, 423-424 (1991).

The Magistrate Judge in this case concluded that the claims presented in Siebert's habeas corpus petition are procedurally barred from review on the merits because the last state court to address the issue held that Siebert's Rule 32 petition was not timely filed and because, under Hurth v. Mitchem, 400 F.3d 857 (11th Cir. 2005), the Rule 32 statute of limitations is firmly established and regularly followed for purposes of the procedural bar.

In his Objection, Siebert contends that this court cannot conclude that the claims are barred merely because the state court held that the Rule 32 petition was not timely filed. The Magistrate Judge did not conclude, however, that the claims are barred merely because the state court said they were barred, but found instead that the state court relied on the statute of limitations for Rule 32 as the basis for its decision,[2] and that the statute of limitations was an adequate basis for a procedural bar to the Petitioner's federal petition under Hurth.

In Hurth, the Eleventh Circuit explained that there is a series of decisions pre-Siebert I

---

[2] As stated in Siebert I:
Alabama's courts commented on the merits of Siebert's claims, but only as an alternative ground of decisions that also held his petitions untimely. See Siebert v. State, 778 So.2d 842, 846 (Ala. Crim. App.1999) (describing ruling of Lee County Circuit Court as "disposing of the claims in the petitions as procedurally barred, but nonetheless also disposing of these claims on their merits"); id. (commenting that "Siebert received a fair trial"). It cannot be said that the courts allowed the merits to control in taking this approach.

Siebert I, 334 F.3d at 1020 n.1.

which have held that Alabama's Rule 32.2.(c) statute of limitations is firmly established and regularly followed in the courts of Alabama. Id. at 862-63. The court cited to decisions dating as early as 1994 which have held that a federal habeas claim is procedurally barred by failure to comply with Alabama Rule 32.2(c). Id. The Hurth court determined that Siebert I did not alter that rule because Siebert I did not address a procedural default question, and only addressed an issue of interpretation of federal law. Id. at 861. In addition, the court analyzed an Eleventh Circuit decision, Moore v. Campbell, 344 F.3d 1313 (11th Cir.2003) (per curiam), which had applied Siebert I in the context of a procedural bar and determined that Moore was wrongly decided because it was a panel opinion in conflict with the well-established law of the circuit that Alabama's statute of limitations is firmly established and regularly followed. Id. at 862-63. In other words, the holding of Siebert I that the Alabama Rule 32 statute of limitations was not firmly established and regularly applied as jurisdictional for purposes of the AEDPA statute of limitations does not answer whether the Rule 32 statute of limitations was firmly established and regularly applied for purposes of the procedural bar. Instead, the court held in Hurth, relying on previous Eleventh Circuit decisions, that the Alabama Rule 32 statute of limitations is firmly established and regularly applied for purposes of the procedural bar. Id. at 862-63.

In his objection to the Magistrate Judge's recommendation, Siebert argues that this court is not bound by the holding in Hurth because the only basis put forward by the petitioner in Hurth to support the contention that the statute of limitations was not firmly established and regularly followed was that the statute of limitations was not jurisdictional. Id. at 864. Siebert states that this court should independently determine, based on the presentation Siebert has

5

made in this case, whether the state statute of limitations is firmly established and regularly followed for purposes of procedural default. While the Hurth court did note the limitation of the petitioner's argument in that case, the court also listed previous decisions which had concluded that Alabama's statute of limitations was firmly established and regularly followed in the courts of Alabama. Id. at 862-63 (citing, among others, Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000)). Therefore, this court cannot conclude that Hurth is limited to the arguments raised in that particular case. Instead, this court is bound by the Eleventh Circuit law that, for purposes of procedural default, "Alabama's Rule 32.2(c) statute of limitations is firmly established and regularly followed in the courts of that state." Id. at 862-863. Therefore, the court agrees with the Magistrate Judge that Siebert's claims are procedurally defaulted.

Siebert has also argued that even if there has been a procedural default of his claims, there is cause and prejudice to excuse that default. To establish cause for procedural default, there must be a showing that the default resulted from an objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct. Murray v. Carrier, 477 U.S. 478, 488 (1986).

The Magistrate Judge concluded that Siebert's claims of ineffectiveness of counsel at trial and on direct appeal[3] are themselves defaulted and, therefore, provide no cause for Siebert's procedural default, citing Edwards v. Carpenter, 529 U.S. 446, 451-454 (2000).

---

[3] Although the Magistrate Judge viewed this as a limitation of the ineffectiveness claims, see Recommendation at page 15 n.5, there is no "constitutional right to counsel when mounting collateral attacks upon . . . convictions." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

6

In his objections to the Magistrate Judge's Recommendation, Siebert has argued that he has established cause because "according to Alabama practice, the certificate of judgment issued by the Court of Criminal Appeals was sent to the Lee County Circuit Court clerk but not to Mr. Siebert" and Siebert, therefore, did not receive notice of the issuance of the certificate of final judgment and was precluded from timely filing his Rule 32 petition. Objection at page 11.

Viewing Siebert's argument as a refinement of his earlier position in this case with regard to procedural default, the court allowed the Respondent additional time in which to respond to this argument by Siebert. In response to this court's Order, the Respondent has pointed to record evidence of the docket sheet which indicates that the certificate of judgment was issued. See Vol. 8, Tab 12, C. 546.[4] The Respondent further points out that under Rule 17 of the Alabama Rules of Appellate Procedure, the clerk's office is obligated to send notice of any order entered in a case to the party's counsel if the party is represented by counsel,[5] and that Siebert was represented by counsel during his direct appeal. The Respondent argues, therefore, that there is a presumption, which has not been rebutted, that the clerk of the court complied with the Alabama Rules of Appellate Procedure and that Siebert's counsel was served with the certificate of judgment.

---

[4] The Respondent states that a copy of the certificate of judgment was not included in the state court record.

[5] Rule 17 provides as follows:
(a) Notice of Orders. Immediately upon the entry of an order the clerk shall serve a notice of its entry by mail upon each party to the proceeding together with a copy of any opinion respecting the order, and shall make a note in the docket of the mailing. Service on a party represented by counsel shall be made on counsel.

Siebert has not provided any evidence to substantiate the argument he advanced in his Objection to the Recommendation of the Magistrate Judge. To determine whether any record evidence supports his position, the court has reviewed the Petitioner's response in the Rule 32 proceedings in which he discussed his notice of the certificate of judgment. In the Petitioner's response to the State's Motion to Amend the Answer and to Dismiss at the Rule 32 stage, the Petitioner's counsel stated the following:

> The certificates of judgment issued by the Court of Criminal Appeals were sent to the circuit court but not to the petitioner. As a result, Mr. Siebert, who was incarcerated on death row, was not notified of the issuance of the certificates of final judgment in his cases or the possibility that the two year statute of limitations might have begun to run. Moreover, like many death-sentenced prisoners, Mr. Siebert had no appointed counsel immediately following the United States Supreme Court's denial of certiorari, which means that he did not have an attorney of record to whom copies of the certificates of judgment could be sent.

Vol. 8, Tab 12, C. 563.

The certificate of judgment was issued on January 3, 1990. The United States Supreme Court denied certiorari review in Siebert's direct appeal on June 28, 1990. Accordingly, at the time that the certificate of judgment was issued, Siebert's case was still on direct appeal, so the timing of the denial of certiorari does not establish that he was not represented by counsel at the time the certificate of judgment was issued, but, to the contrary, establishes that he was represented. Accordingly, Siebert has not rebutted the presumption that the clerk of the court followed the law, and that service of the certificate of judgment went to his counsel of record. Having failed to establish cause for his default, the court agrees with the conclusion of the Magistrate Judge that Siebert's claims are procedurally defaulted.

Because the court has determined that the Petitioner's Petition is properly dismissed

based on procedural default, the court finds unavailing the Respondent's Objection to the Magistrate Judge's denial of the motion to dismiss as moot.

## IV.  CONCLUSION

Upon an independent and de novo evaluation of the issues addressed by Magistrate Judge in the Recommendation to which objections have been raised, and taking into account the objections filed by the Petitioner and the Respondent, as well as the record in this case, it is hereby ORDERED as follows:

1.  The court adopts the Recommendation of the Magistrate Judge and the Petitioner's and the Respondent's objections to the Recommendation are OVERRULED.

2. All claims in Siebert's Petition for Habeas Corpus are DENIED because they are procedurally defaulted and this case is DISMISSED.

3.  The Respondent's Motion to Dismiss (Doc. # 52) is DENIED as Moot.

4.  Final Judgment will be entered accordingly.

Done this 4th day of October, 2005.

      /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE