IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL SIEBERT, | ) | |
| | ) | |
| Petitioner, | ) | (WO) |
| | ) | |
| v. | ) | Civil Action No.  3:01cv1097-A |
| | ) | |
| DONAL CAMPBELL, | ) | |
| | ) | |
| Commissioner of the Department of Corrections, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59 (e), filed on October 19, 2005 (Doc. #63).

The Petitioner, Daniel Siebert ("Siebert"), has argued that the statute of limitations in Alabama's Rule of Criminal Procedure 32 ("Rule 32") should not be sufficient as a basis for a procedural default in this case because it already has been determined not to be a jurisdictional foundation for denial of review of his federal habeas petition.

As explained earlier in the Memorandum Opinion and Order adopting the Recommendation of the Magistrate Judge in this case, the Eleventh Circuit has made it clear that the jurisdictional nature of the Rule 32 statute of limitations is a separate issue from the fact that the Rule 32 statute of limitations has been firmly established and regularly applied for purposes of establishing a procedural bar. See Hurth v. Mitchem, 400 F.3d 857, 864 (11th Cir. 2005). Therefore, Siebert's argument that the analysis should be the same is unavailing.

Siebert also appears to raise a new argument in his Motion to Alter or Amend.  Siebert states that although the Eleventh Circuit in Hurth identified cases applying the Rule 32 statute of

limitations, those cases had not been decided at the time of Siebert's state court habeas corpus petition, and, therefore, do not demonstrate that the statute of limitations was firmly established and regularly applied for purposes of a procedural bar.

Although the decisions relied on by the Eleventh Circuit in Hurth were decided after the filing of Siebert's Rule 32 petition, see id.[1], the court has been cited to no, and is not aware of any, Eleventh Circuit cases which pre-date those decisions and which are inconsistent with the determinations in those cases that when state habeas corpus petitions are filed outside of the two-year statute of limitations of Rule 32, or its predecessor, Rule 20, there is a basis for a procedural default in federal court.

Significantly, in cases decided before Siebert filed his Rule 32 petition in June of 1992, the Alabama Court of Criminal Appeals regularly applied the firmly established two-year statute of limitations in Rule 20. See Back v. State, 580 So. 2d 588, 590 (Ala. Crim. App. 1991) (Rule 20 petition untimely because it had not been filed within two years of the issuance of the certificate of judgment) and Norris v. State, 563 So.2d 47, 50 (Ala. Crim. App. 1990) (affirming a dismissal of a Rule 20 petition based on the two year statute of limitations).

Siebert has cited Callahan v. State, 767 So. 2d 380 (Ala. Crim. App. 1999); Jones v. State, 753 So. 2d 1174 (Ala. Crim. App. 1999); Howard v. State, 616 So. 2d 398 (Ala. Crim. App. 1993); and Jackson v. State, 612 So. 2d 1356, 1357 (Ala. Crim. App. 1992), as Alabama cases which allowed merits review of cases filed outside of the Rule 32 two-year statute of

---

[1] The court cited Franklin v. Hightower, 215 F.3d 1196 (11th Cir.2000) (per curiam) and Bailey v. Nagle, 172 F.3d 1299, 1305-06 (11th Cir.1999) (per curiam), which applied the Rule 32 two-year statute of limitations, and Kennedy v. Herring, 54 F.3d 678, 684 & n. 3 (11th Cir.1995), which applied the Temporary Alabama Criminal Procedure Rule 20 two-year statute of limitations. Temporary Rule 20 was the predecessor to Rule 32. See Hurth, 400 F.3d at 863.

limitations. All of these cases, however, had been decided before, and presumably taken into account by, the Eleventh Circuit's determination in Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir.2000), relied on in Hurth, that the Rule 32 statute of limitations was a procedural rule which was firmly established and regularly applied. See Hurth, 400 F.3d at 863 (citing Franklin, 215 F.3d at 1199). Furthermore, none of these cases cited by Siebert had been decided at the time that Siebert filed his Rule 32 petition.[2] Therefore, the cited cases do not undermine the conclusion that the Rule 32 statute of limitations was firmly established and regularly applied for purposes of a procedural bar at the time Siebert filed his Rule 32 petition.

For the reasons discussed, the Motion to Alter or Amend (Doc. #63) is due to be and is hereby ORDERED DENIED.

Done this 25th day of October, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Jackson was decided on October 23, 1992. Jackson v. State, 612 So. 2d 1356, 1356 (Ala. Crim. App. 1992).